**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| MARK S. CHESLER, | No. 13-36098 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-05261-RJB |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted May 2, 2016
Seattle, Washington

Before: GRABER and BERZON, Circuit Judges, and CURIEL,[**] District Judge.

Mark S. Chesler appeals the district court's judgment affirming the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Gonzalo P. Curiel, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

1

Commissioner's denial of his application for Social Security, and Supplemental Security Income, disability benefits because he did not have a severe impairment. We have jurisdiction under 28 U.S.C. § 1291 and, reviewing the ALJ's decision for substantial evidence, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), we affirm.

1. Substantial evidence supports the ALJ's finding at Step 2 that Chesler's medically determinable impairments were not severe. First, the medical opinions support the ALJ's determination that Chesler was able to perform basic work activities. Second, during the relevant time period, Chesler was actively looking for work and worked whenever he could locate a job. When he worked, his condition improved; however, when he was out of work, his condition worsened.

2. The ALJ provided specific, clear and convincing reasons for rejecting Chesler's subjective symptom testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014). First, the record supports the ALJ's conclusion that Chesler's mental health symptoms were situational, and so unlikely to persist once Chesler's circumstances improved. Second, the ALJ found that Chesler's symptom testimony was contradicted by his continual search for work and his ability to work whenever he could find a job. Even assuming that the ALJ erred in rejecting Chesler's symptom testimony for other reasons, any error was harmless.

*See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (holding that where one of an ALJ's several reasons supporting an adverse credibility finding is held invalid, the error is harmless if it "does not negate the validity of the ALJ's ultimate conclusion that [the claimant's testimony] was not credible").

3. The ALJ did not err in not fully crediting the medical opinions. First, the ALJ fully credited the opinions of Dr. Anjan Sattar, Chesler's treating physician, and Dr. Patrick Radecki, the consultative examiner. Second, the ALJ considered and credited the limitations noted by Dr. Michael Brown and Dr. Rita Flanagan concerning Chesler's cognitive and social impairments, but only to the extent their opinions demonstrated that his limitations were primarily situational, which is supported by the record. Third, the ALJ provided specific and legitimate reasons for rejecting the opinions of Dr. Janis Lewis because they were internally inconsistent. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). Dr. Lewis' opinion was also contradicted by other contemporaneous records. Lastly, the ALJ provided germane reasons for rejecting Chesler's global assessment of functioning scores of 48-50 that were assessed by his clinicians. *See Molina*, 674 F.3d at 1111.

**AFFIRMED.**